UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6,1
Eastern Division

Samantha M. Carter

                    Plaintiff,

v.                                       Case No.: 1:14–cv–09287
                                                Honorable Jeffrey Cole

Carolyn W. Colvin

                    Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, March 17, 2015:

      MINUTE entry before the Honorable Jeffrey Cole: The plaintiff has filed a motion seeking a 45–day extension of time in which to file her motion for summary judgment. Reckoning from the filing of the administrative record, plaintiff has already had 60 days to work on her motion for summary judgment. But the real problem here is that she filed her motion for an extension on March 16, 2015 –– the very day on which her motion for summary judgment was due. This tactic has been criticized by this court and others repeatedly over the years, but has still become all too common, especially in Social Security Disability cases. More importantly, in the February 13, 2015 order setting the original schedule, this tactic was explicitly prohibited. The order clearly stated: "Motions for extensions of this schedule must be made a minimum 14 days before the due date of the proposed motion/brief. Motions will not be granted without good cause as the cases have consistently defined that term. Failure to comply with this order may result in denial of relief requested." The plaintiff clearly read the order, as she adverts to it in her motion for an extension. Moreover, it is a standard warning entered in all my Social Security Disability cases, and one with which plaintiff's counsel is familiar.Beyond this violation of a clear court order, the only semblance of good cause for an 11th–hour extension that plaintiff offers is that an attorney left the firm. The motion does not say when this happened. As such, even if the motion for an extension did not blatantly violate the February 13th scheduling order, it could not be determined whether that constitutes good cause or not. Moreover, counsel for plaintiff regularly engages contract attorneys to perform briefing in these cases, see Pendicini v. Colvin, 2014 WL 2767038 (N.D.Ill. 2014); Ibarra–Montufar v. Colvin, 2013 WL 6507865 (N.D.Ill. 2013); Brazitis v. Colvin, 2013 WL 6081017 (N.D.Ill. 2013); Suess v. Colvin, 2013 WL 530494 (N.D.Ill. 2013); Golzer v. Astrue, 2011 WL 375180 (N.D.Ill. 2011), so the departure of one lawyer from the 6–attorney firm, whenever that might have occurred, should not necessarily have derailed the work on this case to the point where a court order had to be ignored. Indeed, plaintiff's counsel's website suggests that support staff ––whose numbers have not been "decimated" –– follows the scheduling of cases in federal court. Accordingly, it is difficult, if not impossible, to see how the circumstances briefly mentioned in plaintiff's motion for an extension of time could have prevented counsel from complying with the February 13 order and filing the terse, 7–sentence motion in a timely fashion by March 2nd.For the foregoing reasons –– violation of the order of February 13th and failure to

show good cause –– the plaintiff's motion [Dkt. #15] is DENIED. Plaintiff's motion for summary judgment and supporting memorandum is due March 23, 2015. Mailed notice(jms, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.